**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LUTHER LOPEZ,** ) | **CASE NO. 5:12 CV 1412** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **WENDY'S INTERNATIONAL, INC.,** ) | |
| **WEN-KEV MANAGEMENT, INC.** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Luther Lopez filed this action under 42 U.S.C. §§ 1983 and 1988, and 15 U.S.C. §1125(a) against Wendy's International, Inc., and Wen-Kev Management, Inc. In the Complaint, Plaintiff alleges he was not adequately warned of the contents of the Wendy's Asiago Chicken Ranch Club Sandwich. He seeks unspecified damages for pain and suffering.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I. BACKGROUND

Plaintiff states he is a sincere adherent of the Muslim faith and is forbidden to consume pork or pork products. On April 19, 2012, Plaintiff entered a Wendy's restaurant on 79 East

125th Street in New York City, New York.  He placed an order for the Asiago Chicken Ranch Club Sandwich.  After placing the order, he asked the cashier what ingredients the sandwich contained.  In her response she mentioned lettuce, onion, cheese and ranch dressing.  She did not mention that it contained bacon.  Plaintiff does not indicate whether he asked if it contained bacon or pork products.  He indicates he took several bites of the sandwich before he noticed that it contained something "crunchy."  He removed the top of the sandwich and discovered the bacon.

Plaintiff filed several complaints with the Wendy's corporation over the month.  He filed a formal complaint with the restaurant where the incident occurred on April 20, 2012.  Plaintiff was told to contact the corporate offices with his complaint.  He sent a letter to the corporate office and had not yet received a response.  He contacted Wen-Kev's insurance company to file a claim. On May 14, 2012 he received a letter from the insurer informing Plaintiff that "our insured has photos posted of the Chicken Asiago Sandwich on the menu board, which clearly shows the contents of the sandwich."  (ECF No 1-4 at 2. )  The claim was denied.

Plaintiff asserts seven claims for relief.  First, he claims the Defendants "knowingly and intentionally ... deprived the Plaintiff of his rights to free exercise of religion, in that Muslims do not eat pork and should be informed by a public commercial restaurant that such is being served."  (ECF No. 1 at 4.)  Second, Plaintiff asserts that Defendants violated the Lanham Act, 15 U.S.C. §1125(a)  by producing an advertisement that misrepresents the nature, characteristic, qualities or geographic origin of good, service, or commercial activities.  Third, Plaintiff asserts violation of a New York State statute governing deceptive acts and practices.  Fourth, Plaintiff asserts a violation of a New York State statute governing false advertising.  Fifth, Plaintiff

claims the Defendant caused a breach of express warranty. Sixth, Plaintiff claims the Defendants caused a breach of implied warranty. Finally, Plaintiff claims the Defendants were negligent for failing to inform the public of the contents of its Asiago Chicken Club Sandwich.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**<u>Venue</u>**

As an initial matter, the Northern District of Ohio is the not the proper venue for this action. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in a judicial district where any Defendant resides, if all Defendants reside in the same State; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or a judicial district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). For purposes of venue, a corporation is deemed to reside in any judicial district in which such Defendant is subject to the Court's personal jurisdiction with respect to the civil action in question. 29 U.S.C. § 1391(c)(2).

In a diversity case such as this, the law of the forum State is used to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir.2000). Ohio's long-arm statute states in relevant part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

-4-

> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
>
> (8) Having an interest in, using, or possessing real property in this state;
>
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev.Code § 2307.382(A). Here, the first four subsections require a showing of tortious conduct committed in the State of Ohio. Subsection six requires an injury in this state which was committed with the purpose of injuring others. Plaintiff does not allege Defendants acted purposefully. For subsection five to apply, the Plaintiff must "use, consume, or be affected by

the goods in this state" which he purchased from New York.  Plaintiff must also demonstrate Wendy's International and Wen-Kev regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Ohio.  While Plaintiff may be able to argue Wendy's International fits this description, there is no suggestion that Wen-Kev does any business in Ohio.   Finally, subsections seven, eight and nine concern criminal acts, interests in real property and insurance contracts, all of which are not relevant to the facts of this case.  While Wendy's International may be subject to personal jurisdiction under Ohio's Long Arm Statute, Wen-Kev is not.

Furthermore, Ohio's long-arm statute is not coterminous with federal constitutional limits. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*  545 F.3d 357, 361-63 (6th Cir. 2008); *Calphalon Corp*., 228 F.3d at 721 (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause")(citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, n. 1 (Ohio 1994)).  Accordingly, because Ohio's long-arm statute is the basis for personal jurisdiction, the Court's analysis requires separate discussions of whether the Defendants are amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met.  *Estate of Thomson ex rel*, 545 F.3d at 361; *Walker v. Concoby*, 79 F.Supp.2d 827, 831 (N.D. Ohio 1999).

There are two kinds of personal jurisdiction that can be exercised to satisfy due process. *Estate of Thomson ex rel*, 545 F.3d at 361.  Jurisdiction may be found to exist either generally, in cases in which a Defendant's "continuous and systematic" conduct within the forum State renders that Defendant amenable to suit in any lawsuit brought against it in the forum State, or

specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the Defendant's contacts with the forum.  *Id.*; *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996).  Here, Wen-Kev is a New York Corporation that owns or operates Wendy's restaurant franchises in New York City and New Jersey.[2]  There is no suggestion in the Complaint that this corporation has contacts with the State of Ohio of such a continuous and systematic nature that the Ohio may exercise personal jurisdiction over this Defendant even if the action is unrelated to the Defendant's contacts with Ohio.  *Third Nat'l. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989).  Ohio does not have general jurisdiction over Wen-Kev.

For specific jurisdiction to exist, Wen-Kev must have certain minimum contacts with the State of Ohio.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  The Sixth Circuit has articulated a three-part test for recognizing due process in personal jurisdiction cases.  *See S. Mach. Co. v. Mohasco Indus., Inc*., 401 F.2d 374, 381 (6th Cir.1968); *Miller v. AXA Winterthur Ins. Co.*, No. 11–1751, 2012 WL 4009693, slip op. at *2 (6th Cir. Sept. 13, 2012).  First, the Defendant must purposefully avail itself of the privilege of acting in the forum State or cause a consequence in the forum State.  *S. Mach. Co.*, 401 F.2d at 381.  Second, the cause of action must arise from the Defendant's activities there.  *Id.*  Finally, the acts of the Defendant or consequences caused by the Defendant must have a substantial enough connection with the forum State to make the exercise of jurisdiction over the Defendant reasonable.  *Id.*  If any of the three requirements is not met, personal jurisdiction may not be invoked.  *LAK, Inc. v. Deer*

---

[2]   For information concerning entities incorporated in the State of New York, see http://appext9.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY.

*Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir.1989).

Here, there is no suggestion that Wen-Kev ever did business in Ohio and the cause of action did not arise from activities in Ohio. Plaintiff visited a Wendy's franchise owned by Wen-Kev in New York City. Plaintiff asked a counter worker in the New York Wendy's for a description of the contents of a food item and contends he was injured because the answer she gave was not complete. These acts do not have a sufficiently substantial connection with Ohio to make the exercise of jurisdiction by Ohio over this Defendant reasonable. Ohio does not have specific jurisdiction over Wen-Kev. For purposes of venue, Wen-Kev cannot be deemed to be a resident of the State of Ohio as it is not subject to the Court's personal jurisdiction in this State.

Wendy's International, Inc. is incorporated in the State of Ohio and has its principal place of business in Columbus, Ohio. The State of Ohio arguably would have general jurisdiction over this Defendant and it can be deemed to be a resident of this State. It is also possible that New York may have general jurisdiction over Wendy's International, Inc. The Court does not need to determine this question, however, to decide whether this Court is the proper venue to hear this action.

Venue is proper only in a judicial district where any Defendant resides, if all Defendants reside in the same State; or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred if the Defendants do not all reside in the same state. 28 U.S.C. § 1391(b). The Defendants do not all reside in Ohio. If they can be deemed to reside in the same State, it would be New York. All of the events giving rise to the claim occurred in New York, not in Ohio. Therefore, venue would be proper in New York, but not in the

Northern District of Ohio.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

**42 U.S.C. § 1983 - First Amendment**

Plaintiff cannot bring an action against these Defendants for violation of his First Amendment rights under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Wendy's International, Inc. and Wen-Kev, Inc. are private corporations, not government entities.

As private parties, these Defendants will only be subject to suit under § 1983 if their actions constitute "state action" and are "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has established four tests for determining whether the challenged conduct may be fairly attributable to the state for purposes of a § 1983 claim. These are: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992); *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 298 (2001). The actions of Wendy's International and Wen-Kev do not fit any of these criteria.

The public function test requires that the private party exercise powers that are

traditionally exclusively reserved to the state, such as holding elections, *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978), or exercising the power of eminent domain. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974). These Defendants own franchises of a restaurant chain that sell prepared food items to the public. This is not a power traditionally reserved to a state. The public function test therefore cannot be the basis for "state action" for a §1983 claim.

The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives. *Id*. There is no suggestion that the State of Ohio or the State of New York exercised coercive power over Wendy's International or Wen-Kev to derive the ingredients of the Asiago Chicken Club Sandwich or to structure the counter worker's answer to Plaintiff's question about those ingredients. This cannot form the basis for state action.

Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *See Jackson*, 419 U.S. at 357-58; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961). This occurs only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar*, 457 U.S. at 937. Again, there is no indication that these Defendants secured significant assistance from the state in operating their business.

The entwinement test requires that the private entity be "entwined with governmental policies" or that the government be "entwined in [the private entity's] management or control." *Brentwood*, 531 U.S. at 296. The crucial inquiry under the entwinement test is whether the "nominally private character" of the private entity "is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it." *Id*. at 298. The fact that a public entity has acted in compliance with a private entity's recommendations does not transform the private entity into a state actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988). Plaintiff does not allege that the governments of Ohio or New York were excessively intertwined with the management and control of the Defendants' businesses or operations.

Because the Defendants do not qualify as state actors under any of the four tests set forth by the Supreme Court, they cannot be held liable for constitutional violations under 42 U.S.C. §1983. The constitutional claims against them under §1983 are dismissed.

**Lanham Act**

In addition, Plaintiff fails to state a claim for violation of the Lanham Act. Plaintiff contends the Defendants violated 15 U.S.C. §1125(a) which states in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

>shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a)(1)(B).  To state a cause of action for misleading advertisement under the Lanham Act, Plaintiff must allege facts to demonstrate: 1) the Defendant has made false or misleading statements of fact concerning its own product or another's; 2) the statement actually or tends to deceive a substantial portion of the intended audience; 3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; 4) the advertisements were introduced into interstate commerce; and 5) there is some causal link between the challenged statements and harm to the Plaintiff.  *American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc*., 185 F.3d 606, 614 (6th Cir. 1999).

When a Plaintiff seeks an award of monetary damages for false or misleading advertisement under the Lanham Act, he may show either that the Defendant's advertisement is literally false or that it is true yet misleading or confusing.  *Id*.  Where statements are literally false, a violation may be established without evidence that the statements actually misled consumers.  There is no allegation in the Complaint that Wendy's International, Inc. or Wen-Kev, Inc. publically advertised that their products are pork-free.  Plaintiff cannot base his claim on advertising statements which are literally false.

Where statements are literally true, yet deceptive, or too ambiguous to support a finding of literal falsity, a violation can only be established by proof of actual deception ( i.e., evidence that individual consumers perceived the advertisement in a way that misled them about the Plaintiff's product).  A plaintiff relying upon statements that are literally true yet misleading "cannot obtain relief by arguing how consumers could react; it must show how consumers

-12-

actually do react." *Id.* In addition, a Lanham Act claim must be based upon a statement of fact, not of opinion. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir.1995); *Gillette Co. v. Norelco Consumer Prods. Co*., 946 F.Supp. 115, 136 (D.Mass.1996). Moreover, Plaintiff must demonstrate that a "significant portion" of the consumer population was deceived. *American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc*., 185 F.3d at 616.

As an initial matter, it is not entirely clear what Plaintiff considers to be the advertisement offered by Wendy's. The menu board apparently contains photos of the menu items, including the Asiago Chicken Ranch Club Sandwich, which shows the contents of the sandwich. He does not assert that there was anything about that menu board advertisement that was misleading.

Instead, Plaintiff seems to base this claim on an answer he received from a counter worker at the restaurant in response to his question about the sandwich's ingredients. Her answer was allegedly incomplete, and she omitted at least one ingredient that Plaintiff did not desire to consume. It is not clear that this answer to a question by a counter worker at franchise qualifies as an "advertisement" as defined by the Lanham Act. Moreover, even if a one time statement in response to a casual question could be construed as an advertisement, there is absolutely no suggestion that this employee, Wendy's International, or Wen-Kev intended to mislead or deceive the Plaintiff and other consumers to purchase the product. At best, it was a misunderstanding as the employee did not comprehend what specific information Plaintiff wanted about the sandwich (ie. that it contained bacon), and Plaintiff did not ask specifically if bacon was in the sandwich. His claims under the Lanham Act are dismissed.

**State Law Claims**

Plaintiff's remaining claims arise, if at all, under New York State law. This Court lacks jurisdiction to entertain these claims.

First, Plaintiff cannot rely on diversity of citizenship to bring his state law claims into federal court. Diversity of citizenship exists only when no Plaintiff and no Defendant are citizens of the same state, and the amount in controversy is over $75,000.00. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). A corporation is deemed to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff alleges he is a citizen of the State of Ohio. Wendy's International is an Ohio corporation, with its principal place of business in Columbus, Ohio. Because the Plaintiff and one of the Defendants are residents of the same state, federal court jurisdiction cannot be based on diversity of citizenship.

Plaintiff suggests that this Court may exercise supplemental jurisdiction over his state law claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, the Court declines jurisdiction to hear his state law claims.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C.

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.